## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-30** |
| **ALBERTSONS COMPANIES, INC., et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court are Plaintiff Willie Davis's ("Plaintiff") Motion to Remand[1] and Motion for Leave to File an Amended Complaint.[2] Plaintiff argues that this matter should be remanded to state court because Plaintiff and Defendant Kevin Brunelle ("Brunelle") are both Louisiana citizens, and thus, the parties are not completely diverse.[3] While the Notice of Removal states that the non-diverse defendant should be disregarded because he was improperly joined, Plaintiff argues Defendants cannot meet their burden of showing Plaintiff's inability to establish a claim against Brunelle.[4] In his Motion for Leave to File an Amended Complaint, Plaintiff seeks to amend the complaint to clarify his claims against Brunelle.[5] Considering the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motions and remands this matter to the Twenty-First Judicial District Court for the Parish of Tangipahoa.

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 10.

[3] Rec. Doc. 6.

[4] *Id.*

[5] Rec. Doc. 10.

1

## I. Background

On or about November 1, 2023, Plaintiff was a patron at Albertsons store #714 located at 1801 West Thomas Street in Hammond, Louisiana.[6] Albertsons store #714 was managed by Albertsons' employee, Brunelle.[7] Plaintiff was entering the front door, when suddenly and without warning the automatic sliding glass door serviced by D.H. Pace Company, Inc. fell off its hinges and crashed on top of Plaintiff, knocking him to the ground.[8] It is alleged that the accident caused severe, disabling and permanent injuries to Plaintiff.[9]

On October 30, 2024, Plaintiff filed a petition for damages against Defendants Albertsons Companies, Inc. Louisiana ("Albertsons"), D.H. Pace Company, Inc. d/b/a Door Control Services ("Pace"), Brunelle, ABC Insurance Company, and DEF Insurance Company in the 21st Judicial District Court for the Parish of Tangipahoa.[10] On January 3, 2025, Pace filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441(b) and 1332.[11] The Notice of Removal alleges Brunelle was improperly joined solely to defeat diversity, and Plaintiff is unable to state a cause of action against Brunelle in his individual capacity.[12]

---

[6] Rec. Doc. 1-1 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 1.

[11] Rec. Doc. 1.

[12] *Id.* at 3.

On January 31, 2025, Plaintiff filed a Motion to Remand.[13] On February 11, 2025, Pace filed an opposition to the Motion to Remand.[14] On February 18, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint.[15] On February 25, 2025, Pace and Albertsons filed oppositions to the motion.[16]

## II. Parties' Arguments

### A.    *Plaintiff's Argument in Support of the Motion to Remand*

Plaintiff argues this matter should be remanded to state court because Plaintiff and Defendant Brunelle are both Louisiana citizens, and thus, the parties are not completely diverse.[17] Because the parties are not completely diverse, Plaintiff contends this Court lacks subject matter jurisdiction.[18] While the Notice of Removal alleges Brunelle was improperly joined, Plaintiff avers this allegation lacks merit.[19]

Plaintiff contends Pace has not met its burden of showing that Plaintiff cannot establish a claim against non-diverse defendant, Brunelle.[20] While the Notice of Removal states Plaintiff cannot establish a claim against Brunelle because Brunelle is not an owner or custodian of the premises, Plaintiff contends Pace is unable to establish that Brunelle owed no duty to Plaintiff.[21]

---

[13] Rec. Doc. 6.

[14] Rec. Doc. 8.

[15] Rec. Doc. 10.

[16] Rec. Doc. 11. Rec. Doc. 12.

[17] Rec. Doc. 6-1 at 1.

[18] *Id.*

[19] *Id.* at 3.

[20] *Id.* at 5.

[21] *Id.* at 6.

In the Notice of Removal, Pace cites to caselaw supporting its notion that a manager is not liable to a patron who suffered injuries on the premises, however, Plaintiff contends the present action is distinguishable from the caselaw cited.[22] Plaintiff avers Brunelle was responsible for the entire store including the entrance and doorway area, and Brunelle had knowledge that the door was not properly working and was under repair.[23] Plaintiff notes that in its answer, Pace states "video footage reflects that one or more employees of Albertsons undertook improper measures to fix, remove, or otherwise hold in place a door that appeared to not be working at the time, rather than take the door out of service."[24] Plaintiff asserts Pace fails to carry its burden of showing that it will be impossible to place fault on Brunelle.[25]

## B.   *Pace's Argument in Opposition to the Motion to Remand*

In opposition to the motion to remand, Pace argues Brunelle was improperly joined for the sole purpose of defeating diversity jurisdiction.[26] While Plaintiff contends Pace cannot establish that Brunelle did not owe a duty to Plaintiff, Pace argues Plaintiff fails to differentiate between Brunelle's personal duty and his administrative duty.[27] While the complaint alleges Brunelle breached a duty to maintain a safe entryway and doorway, Pace argues Plaintiff does not specifically allege what Brunelle did or did not do to make the doorway unsafe.[28] Pace further

---

[22] *Id.* at 6–8.

[23] *Id.* at 7.

[24] *Id. at 8.*

[25] *Id.*

[26] Rec. Doc. 8 at 1.

[27] *Id.*

[28] *Id.* at 2.

4

argues Plaintiff fails to allege that Brunelle was delegated with the task of repairing or maintaining an automatic door.[29]

Pace contends "personal duty" is inapplicable here.[30] Pace states the allegations contained in the complaint stem from Brunelle's role as store manager.[31] Pace avers Brunelle was not in the vicinity when the underlying incident occurred, and Plaintiff does not allege that Brunelle has the technical abilities to troubleshoot or repair an automatic door, nor that Brunelle was delegated that duty.[32] Pace contends the duty breached is "technical or vicarious," related to Brunelle's administrative role for the entire store.[33] While Plaintiff argues Brunelle had a lock and key to the front door, Pace avers this does not create a personal duty.[34]

Pace asserts there are a long line of cases in this District in which a manager was found to be improperly joined in cases involving alleged premises defects.[35] Pace contends the door which allegedly fell here is a "hazardous condition" similar to a spill or placement of an aisle display for purposes of improper joinder.[36] Pace argues courts have routinely applied the standard set out in *Canter*[37] and have consistently denied motions to remand in cases wherein a plaintiff only alleged a breach of a store manager's general administrative responsibilities.[38]

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 3.

[32] *Id.* at 4.

[33] *Id.* at 4–5.

[34] *Id.* at 5.

[35] *Id.*

[36] *Id.*

[37] *Canter v. Koehring Co.,* 283 So. 2d 716 (La. 1973).

[38] *Id.*

Pace argues this matter is akin to *Giles v. Walmart Louisiana, LLC*,[39] wherein the court found that the plaintiff could not recover against the store manager under Louisiana law without making specific allegations directed toward the store manager or alleging a personal duty to ensure the plaintiff's safety.[40] Pace contends the allegations in the complaint lump both Albertsons and Brunelle together.[41] While the motion to remand alleges the front door was under repair and Brunelle left the entryway unattended allowing patrons to enter the store through the hazardous doorway, Pace contends subject matter jurisdiction must exist at the time of removal based on the facts and allegations in the complaint.[42] Pace asserts that the motion to remand should be denied.[43]

**C.      *Plaintiff's Argument in Support of the Motion for Leave to File an Amended Complaint***

Plaintiff states that he wishes to file an amended complaint to clarify and specify the allegations against Brunelle.[44] Plaintiff contends there is no trial date set and amending the complaint will not hinder or delay this proceeding.[45]

**D.      *Pace's Argument in Opposition to the Motion for Leave to File an Amended Complaint***

Pace opposes Plaintiff's Motion for Leave to File an Amended Complaint.[46] Pace re-avers the legal arguments raised in its Notice of Removal and its opposition to Plaintiff's motion to

---

[39] 2016 WL 282578, *3 (E.D. La. 5/13/16).

[40] *Id.* at 6.

[41] *Id.*

[42] *Id.* at 7.

[43] *Id.*

[44] Rec. Doc. at 1.

[45] *Id.* at 2.

[46] Rec. Doc. 11.

remand.[47] Pace argues the Motion for Leave to File an Amended Complaint should be denied because of undue delay, undue prejudice, and futility of the amendment.[48]

Pace argues Plaintiff's post-removal amendment is insufficient to defeat diversity jurisdiction.[49] Pace states that the proposed amended complaint includes additional allegations, which Plaintiff believes supports the contention that Brunelle breached a personal duty.[50] Pace contends Plaintiff provides no explanation as to why these allegations could not have been pled in the original petition.[51] Pace avers the amendment serves no purpose aside from improper joinder of Brunelle, and thereby denies the defendants their right to litigate in a federal forum.[52]

Pace argues the proposed amendment is futile because the amended complaint would not meet the standard for a Rule 12(b)(6) motion with respect to Brunelle.[53] Pace contends the proposed amended complaint does not set forth or explain a personal duty of Brunelle which has been breached.[54] Pace avers Brunelle is not an owner or custodian of the door and owed no personal duty to ensure Plaintiff's safety.[55] Pace states that the amended complaint lumps together the fault of Brunelle and Albertsons, and thus, it is impossible to distinguish the duty breached by Brunelle from his administrative role as store manager/corporate employee.[56]

---

[47] *Id.* at 1.

[48] *Id.* at 4.

[49] *Id.* at 5.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.*

Pace contends the Fifth Circuit generally does not recognize post-filing or post-removal amendment as a cure for jurisdictional defect.[57] While 28 U.S.C. § 1653 and Federal Rule of Civil Procedure 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time of the original complaint or removal.[58] For this reason, Pace contends the additional factual allegations should not be considered by the Court.[59] Alternatively, if the Court does consider the amended complaint for purposes of determining jurisdiction, Pace avers the additional paragraphs do not establish a breach of a personal duty.[60] Pace asserts that the proposed amendment is futile and the Motion for Leave to File an Amended Complaint should be denied.[61]

**E.    Albertsons's Argument in Opposition to the Motion for Leave to File an Amend Complaint**

Albertsons also opposes the Motion for Leave to File an Amended Complaint.[62] Albertsons states that it joins and adopts the opposition brief filed by Pace.[63] Albertsons contends the removal of this case should be determined by those allegations contained in the original petition rather than post-removal amendment.[64] Albertsons asserts that the Motion for Leave to File an Amended Complaint should be denied.[65]

---

[57] *Id.* at 6.

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] Rec. Doc. 12.

[63] *Id.* at 1.

[64] *Id.*

[65] *Id.* at 2.

### III. Legal Standard

**A.    Motion to Remand**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[66] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[67] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[68] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[69] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[70] The removing party has the burden of proving federal diversity jurisdiction.[71] Remand is proper if at any time the court lacks subject matter jurisdiction.[72]

**B.    Motion to Amend**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires."[73] Determining when justice requires permission to amend rests

---

[66] 28 U.S.C. § 1441(a).

[67] 28 U.S.C. § 1332.

[68] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[69] *Coury v. Prot*, 85 F.3d 244, 248-249 (5th Cir. 1996) (citation omitted).

[70] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[71] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[72] *See*, 28 U.S.C. § 1447(c).

[73] Fed. R. Civ. P. 15(a).

within the discretion of the trial court.[74] Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."[75]

## IV. Analysis

Pending before are the Court are Plaintiff's Motion to Remand and Motion for Leave to File an Amend Complaint. In the Motion to Remand, Plaintiff argues that this matter should be remanded to state court because Plaintiff and Brunelle are both Louisiana citizens, and thus, this Court lacks subject matter jurisdiction because the parties are not completely diverse.[76] While the Notice of Removal states that the non-diverse defendant, Brunelle, should be disregarded because he was improperly joined, Plaintiff argues Defendants cannot meet their burden of showing Plaintiff's inability to establish a claim against Brunelle.[77] In opposition, Pace alleges improper joinder because Plaintiff cannot state a claim against Brunelle, and thus, the matter should not be remanded.[78] Plaintiff also seeks to amend the Complaint to clarify the claims against Brunelle, which may impact the Court's jurisdictional analysis.[79]

---

[74] *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 122 (5th Cir. 1980)).

[75] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Absent any of these factors, leave should be granted. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[76] Rec. Doc. 6.

[77] *Id.*

[78] Rec. Doc. 8.

[79] Rec. Doc. 10.

### A.    *Improper Joinder*

The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court. The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought."[80] The Notice of Removal alleges this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. A case is removable under 28 U.S.C. § 1332 only if there is complete diversity between the parties and the amount in controversy exceeds $75,000.[81]

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[82] To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[83] Pace has not alleged actual fraud in the Petition. The Court will therefore only consider the second approach (*i.e.*, inability to establish a cause of action) in analyzing the propriety of Brunelle's joinder.

Consistent with the "heavy burden" mentioned above, several general precepts guide courts when assessing whether non-diverse defendants are joined improperly. First, "[s]ince the purpose

---

[80] 28 U.S.C. § 1441(b).

[81] See 28 U.S.C. § 1332.

[82] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

[83] *Id.* at 646-47.

of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the *joinder,* not the *merits* of the plaintiff's case."[84]

Second, the petition *as filed in state court* controls the inquiry.[85] Thus, post-removal filings may not be considered when or to the extent that they present new causes of action or theories not raised in the controlling petition in state court.[86] With respect to matters pleaded in state court, however, the district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff.[87]

Defendants claiming improper joinder based on the second prong must show that there is no possibility of recovery by the plaintiff against the in-state defendant based on the factual allegations in the state petition. In other words, the defendant must show that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant even if the factual allegations of the state court petition are true.[88]

A threshold inquiry is whether it appears from the state court petition that the plaintiff actually intended to sue the non-diverse defendant. The court ascertains whether "the record ... support[s] any inference that [plaintiff] intended to actively pursue claims against [the allegedly improperly joined defendant]."[89] Factors to consider include whether the defendant is only

---

[84] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (emphasis added); *see also Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir.2005) (in assessing whether a defendant has been improperly joined, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so") (internal citation omitted).

[85] *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995); *see also Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999) (stating that the court must determine if there possibly could be liability "on the pleaded claims in state court").

[86] *See Griggs,* 181 F.3d at 700 (citing *Cavallini,* 44 F.3d at 263).

[87] *Gasch,* 491 F.3d at 281 (citing *Guillory,* 434 F.3d at 308).

[88] *Smallwood,* 385 F.3d at 576.

[89] *Griggs,* 181 F.3d at 699.

minimally mentioned, whether any actionable facts or causes of action are specifically alleged against the defendant, and whether the defendant was ever served.[90] Thus, simply lumping all diverse and non-diverse defendants together in each liability averment without differentiation as to who did what reflects lack of intent to actually sue the non-diverse defendants, especially in circumstances where each defendant likely played a discrete and dissimilar role from other defendants.[91]

Pace contends the allegations in the petition lump both Albertsons and Brunelle together. This Court agrees. A review of the petition shows that the causes of action asserted against Brunelle and Albertsons are combined, and there are no specific allegations raised against Brunelle individually. The petition asserts that Albertsons and Brunelle both breached their duty to Plaintiff by:

    a.      neglecting maintenance and causing the door to fall and strike [Plaintiff];

    b.      failure to maintain a safe facility for its patrons;

    c.      failure to properly train associates in safely performing duties;

    d.      failure to properly supervise its associates;

    e.      failure to take reasonable precautions to avoid the incident;

    f.      needless endangerment of [Plaintiff] and other patrons;

    g.      creating a hazardous condition and failing to remedy it;

    h.      failure to use reasonable care to prevent incident from occurring;

---

[90] *Id.*

[91] *See Griggs,* 181 F.3d at 699 (undifferentiated liability averments against diverse and non-diverse defendants together do not satisfy the requirement to state specific actionable conduct against the non-diverse defendant); *see also Doucet v. State Farm Fire & Cas. Co.,* No. 1:09–CV–142, 2009 WL 3157478, at *5 (E.D.Tex. Sept. 25, 2009) (stating that merely lumping insurer and adjuster defendants together, especially when asserting causes of action against both that can only be asserted against an insurer, indicates lack of genuine intent to pursue an adjuster).

i.      negligent maintenance, inspection, and upkeep of the doorway to store;

j.      failure to warn [Plaintiff] of falling objects and/or hazardous conditions on the premises;

k.      failure to prevent automatic entry door from falling;

l.      failure to properly inspect and secure store entry door;

m.      failure to properly investigate, screen, hire, train, and monitor associates;

n,      needless endangerment of [Plaintiff] and other patrons; and

o.      any and all other acts of negligence or fault which will be brought out at the time of trial.[92]

The petition lacks differentiation as to who did what, and thus lacks intent to actually sue non-diverse defendant, Brunelle. As such, this inquiry weighs in favor of a finding of improper joinder.

Even when the plaintiff identifies causes of action recognized by state law, defendants can defeat remand by showing that the state court petition failed to allege "specific actionable conduct" sufficient to support the causes of action asserted against non-diverse defendants.[93] Thus, the Court must consider whether *facts alleged* in the pre-removal state petition are sufficient to sustain the asserted cause of action. "Whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the *factual fit* between the plaintiffs' allegations and the pleaded theory of recovery."[94] Current circuit precedent directs trial courts reviewing "factual fit" issues to "conduct a Rule 12(b)(6)-type analysis."[95]

---

[92] Rec. Doc. 1-1 at 2–3.

[93] *Griggs,* 181 F.3d at 699.

[94] *Id.* at 701 (emphasis added).

[95] *Smallwood,* 385 F.3d at 573; *Anderson v. Ga. Gulf Lake Charles,* 342 Fed.Appx. 911, 915 (5th Cir.2009).

Plaintiff brings a claim of negligence against Brunelle in his individual capacity as store manager of Albertsons. Pace argues Louisiana law does not support a cause of action for negligence against Brunelle in these circumstances. "The circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons under Louisiana law were explained in *Canter v. Koehring Co*."[96] In *Canter*, the Louisiana Supreme Court "recognized that liability may be imposed on such individuals where the duty breached arises solely because of the employment relationship,"[97] if the following four criteria are met:

> 1. The employer owes a duty of care to the third person (plaintiff) and the breach of that duty caused plaintiff's injury;
> 2. The duty is delegated by the employer to the defendant employee;
> 3. The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault; and
> 4. Personal liability cannot be imposed upon the defendant employee simply because of his or her general administrative responsibility for performance of some function of the employment; rather, he or she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant employee is not liable for its breach unless he or she personally knows or should know of its non-performance or mal-performance and still fails to cure the risk of harm.[98]

Thus, in order for Brunelle, the store manager, to be liable to a third person like Plaintiff, he "must demonstrate that the employee [Brunelle] breached an independent, personal duty to . . . [Plaintiff]."[99] A store manager cannot be personally liable to a third person "'simply because of his general administrative responsibility'" as an employee.[100]

---

[96] *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994) (citing *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973)).

[97] *Canter*, 283 So. 2d at 936.

[98] *See Canter*, 283 So. 2d at 721; *Ford*, 32 F.3d at 936; *Miciotto v. Hobby Lobby Stores, Inc.*, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022) (denying motion to remand where plaintiff failed to make any specific factual allegations to demonstrate personal liability on the part of the non-diverse store employees).

[99] *Black v. Lowe's Home Ctrs., Inc.*, 2010 WL 4790906, at *2 (M.D. La. Oct. 22, 2010) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 958 (M.D. La. 1995); *Ford*, 32 F.3d at 935-36; and *Canter*, 283 So. 2d at 721).

[100] *Giles*, 2016 WL 2825778, at *4 (denying motion to remand where "[p]laintiff has not alleged that [the

Courts, applying *Canter*, have routinely denied motions to remand in cases where the plaintiffs only alleged a breach of a store manager's general administrative responsibilities.[101] Similarly, the original state court petition does not state a plausible negligence claim against Brunelle. The original petition makes no allegation of any responsibility specific to Brunelle that would rise to a personal duty, nor does the petition make any allegation of personal fault. The petition states that Brunelle was in the course and scope of his employment, and Albertsons is liable for the actions of Brunelle under the doctrine of *respondeat superior*.[102] Plaintiff alleges generally that both Brunelle and Albertsons failed to maintain a safe facility, failed to properly train and supervise associates, failed to use reasonable care, etc.,[103] but "[t]hese assignments do not entail a personal duty to ensure [p]laintiff's safety."[104] Rather, these allegations amount to a "classic case of attempting to place liability upon an employee simply because of his general administrative responsibility of some function of employment."[105] Therefore, the original petition does not state a cause of action against the non-diverse defendant, Brunelle.

## B.    *Motion to Amend*

Plaintiff also requests leave of Court to file an amended complaint. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires."

---

store manager] owed her a personal, independent duty") (quoting *Canter*, 283 So. 2d at 721).

[101] *Rushing v. Wal-Mart Stores, Inc.*, 2015 WL 1565064, at *3 (E.D. La. Apr. 8, 2015) (same); *Triplett v. DG La., LLC*, 2019 WL 5309968, at *4-5 (E.D. La. Oct. 21, 2019) (same); *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 1572078, at *3 (E.D. La. Apr. 19, 2016) (denying plaintiff's motion to remand where the only allegations of negligence directed specifically at the store manager were general administrative responsibilities); *Rodriguez v. Waffle House, Inc.*, 2021 WL 6108032, at *4 (E.D. La. June 9, 2021) (same).

[102] Rec. Doc. 1-1 at 2.

[103] *Id.* at 2–3.

[104] *Giles*, 2016 WL 2825778, at *4 (citing *Rushing*, 2015 WL 1565064, at *2).

[105] *Id.*

Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."[106] An amendment is futile if it would fail to survive a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.[107]

Here, Plaintiff's Motion to Amend suggests that additional factual allegations could clarify whether a viable claim exists against the non-diverse defendant, Brunelle.[108] In opposition, Pace argues the amended complaint should not be considered by the Court, because the Fifth Circuit generally does not recognize post-filing or post-removal amendment as cure for jurisdictional defect.[109]

"Although post-removal filings may not be considered 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court,' they can be considered to the extent they 'clarify or amplify the claims actually alleged' in the removed pleading."[110] Because Plaintiff's motion to amend seeks to clarify the claims alleged in the original petition, not substitute new causes of action against Brunelle, the Court may consider Plaintiff's proposed amended complaint for jurisdictional purposes. The Court now looks to Plaintiff's

[106] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Absent any of these factors, leave should be granted. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[107] *Lee v. D.R. Horton, Inc.,* 2025 WL 467346, *3 (M.D. La. 1/23/25).

[108] Rec. Doc. 10.

[109] Rec. Doc. 11 at 6. (citing *Camsoft Data Systems, Inc. v. Southern Elec. Supply, Inc.* 756 F. 3d 327, 337 (5th Cir. 2014)).

[110] *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024), *cert. granted in part sub nom. Hain Celestial Grp. v. Palmquis*t, No. 24-724, 2025 WL 1211787 (U.S. Apr. 28, 2025) ("Although post-removal filings may not be considered 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court,' they can be considered to the extent they 'clarify or amplify the claims actually alleged' in the removed pleading.").

proposed Amended Complaint[111] to determine whether Plaintiff has a viable claim against Brunelle and if amendment would be futile.

In the proposed Amended Complaint, Plaintiff includes additional specific allegations against Brunelle. The Amended Complaint states that (1) Brunelle did not take measures to properly fix, remove, or otherwise hold the door in place and/or warn Plaintiff and other patrons entering the store of the hazard; (2) while the automatic glass door was broken, Brunelle allowed patrons to continue to use the entrance/exit automatic door… and did not instruct Plaintiff or any other patrons to use a second available entrance; and (3) Brunelle had power activated to the automatic door and there were no employees instructed to attend to the door when Plaintiff entered the store.[112] The Amended Complaint states that Brunelle contributed to the incident by:

    a.    failing to take measures to properly fix the automatic sliding glass entrance door;

    b.    failing to remove the broken automatic sliding glass door when patrons entered the store;

    c.    failing to affix or hold the door in place so that it would not fall while patrons entered the building;

    d.    failure to warn patrons entering the store of a hazardous door(s);

    e.    choosing to activate power to a broken and hazardous automatic door;

    f.    choosing not to instruct employees to attend to the broken hazardous door at the store entrance;

    g.    choosing not to redirect patrons to use a non-hazardous store entrance;

    h.    choosing not to follow policies and/or procedures which would have prevented unnecessary injury to customers;

    i.    choosing to create a hazard by allowing patrons to continue to enter through a broken doorway;

---

[111] Rec. Doc. 10-3.

[112] *Id.* at 2.

      j.       choosing not to prevent a foreseeable risk of harm;

      k.      choosing not to react as a reasonable person would have under the conditions and circumstances which were easily observable; and

      l.       any and all other acts of negligence or fault which would be brought out at the time of trial.[113]

Louisiana law on the issue of employee liability is found in *Canter*. Among the requirements for imposing personal liability on a managerial employee is that he breached his duty through personal rather than technical or vicarious fault. Such fault cannot be imposed upon the employee simply because of his general administrative responsibility. Because of these requirements, courts have held that retail store and restaurant managers were not personally liable for a customer's injury on a store premises when the manager had no connection to the accident other than general managerial responsibilities.[114] Here, the amended complaint alleges Brunelle had knowledge of the hazardous conditions, failed to act as a reasonable person under the circumstances, and that Brunelle created a hazard by allowing patrons to continue to enter a broken doorway. Courts have found allegations that the manager "personally caused the accident"[115] and that the manager "actively contributed to or had personal knowledge of [the] harmful condition"[116] to be sufficient to impose liability on a store manager. The Court may grant remand if there is any reasonable basis to predict that plaintiff may recover against the non-diverse defendant.[117] Taking

---

    [113] *Id.* at 4–5.

    [114] *See, e.g., Carter v. Wal–Mart Stores Inc.,* 2005 WL 1831092 (W.D. La. 2005) (Drell, J.) (plaintiffs, who metal display rack fell on, had no claim against Wal–Mart managers and employee); *Carino v. Wal–Mart Louisiana, LLC,* 2006 WL 335784 (W.D.La.2006) (Melancon, J.) (collecting cases where injured customers were found to have no claim against store managers); and *Henry v. O'Charley's, Inc.,* 861 F.Supp.2d 767 (W.D. La. 2012)(Kay, Mag. J.) (restaurant manager not personally liable when customer slipped and fell in water).

    [115] *Brady v. Walmart Stores Inc.,* 907 F.Supp. 958, 960 (M.D. La. 1995).

    [116] *Gautreau v. Lowe's Home Ctr., Inc.,* 2012 WL 7165280 at *4 (M.D. La. Dec. 19, 2012).

    [117] *Gray v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 405 (5th Cir. 2004).

the allegations in the amended complaint as true and resolving doubts in Plaintiff's favor, the Court finds there is a reasonable basis to predict recovery against the store manager under Louisiana law.

## V. Conclusion

For the reasons stated herein, the Court finds Pace has not met its burden of showing that there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Brunelle in connection with Plaintiff's fall. The Court further finds that Plaintiff's proposed amendments to the complaint provide a reasonable basis to predict that Plaintiff may recover against the non-diverse defendant. As such, Brunelle was not improperly joined, and complete diversity does not exist. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint[118] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand[119] is **GRANTED**. The above-captioned matter is hereby remanded to the Twenty-First Judicial District Court for the Parish of Tangipahoa.

**NEW ORLEANS, LOUISIANA**, this _30th_ day of May, 2025.


*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[118] Rec. Doc. 10.

[119] Rec. Doc. 6.